UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re application of ArcelorMittal Holdings AG for an order directing discovery pursuant to 28 U.S.C. § 1782 | CIVIL ACTION:<br><br>Ex Parte Petition for Assistance in Aid of a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 |

Petitioner ArcelorMittal Holdings AG ("**ArcelorMittal**") hereby petitions this Court pursuant to 28 U.S.C. § 1782 ("**Section 1782**") for discovery in the Northern District of Georgia in aid of foreign legal proceedings pending in the courts of England and Singapore.

Specifically, ArcelorMittal seeks an order authorizing it: (i) to issue subpoenas to Reibus International, Inc., Reibus Logistics LLC, and Reibus Financial LLC (collectively "**Reibus**"), requesting documents and a deposition witness concerning the assets of Liberty Steel East Europe Limited ("**Liberty Steel**"), a company incorporated in the United Kingdom, and Liberty House Group Ptd Limited ("**LH Group**," and with Liberty Steel, "**Liberty**"), a company incorporated

in Singapore, as well as (ii) to authorize Petitioner to issue additional subpoenas for the production of documents and/or depositions of Reibus as Petitioner reasonably deems appropriate and consistent with the Federal Rules of Civil Procedure, as permitted by Section 1782.

This Court has original jurisdiction because this case arises out of U.S. law and constitutes a federal question. 28 U.S.C. § 1331. Namely, this Petition seeks discovery in aid of foreign legal proceedings as provided by U.S. law under 28 U.S.C. § 1782.

ArcelorMittal seeks this discovery in aid of proceedings that Petitioner has commenced in the courts of England and Singapore to enforce an arbitral award in ArcelorMittal's favor in the amount of €140 million, plus interest. Accordingly, the subpoenas seek documents and a deposition witness concerning Liberty's assets: (1) in the United Kingdom of Great Britain and Northern Ireland; (2) in the Republic of Singapore; and (3) anywhere in the world, due to the English courts' authority to issue a worldwide freezing order attaching assets in any jurisdiction.

As explained in ArcelorMittal's memorandum of law, filed simultaneously herewith, ArcelorMittal is entitled to the relief sought because each of the statutory prerequisites for this Court to order discovery in aid of foreign legal proceedings pending in the courts of England and Singapore is satisfied: (1) ArcelorMittal is an

"interested person" within the meaning of 28 U.S.C. § 1782 and is entitled to seek assistance thereunder; (2) any assistance given by this Court would be in aid of proceedings before a foreign or international tribunal, as the discovery sought is for use in foreign legal proceedings in Singapore and the United Kingdom, which were duly commenced and constitute a "proceeding before a foreign or international tribunal," as well as other proceedings in the United Kingdom that are reasonably contemplated; and (3) Reibus resides and is found in this district.

Moreover, this Court should exercise its authority to grant the requested assistance because each of the discretionary criteria set forth by the Supreme Court in *Intel* is met here. 542 U.S. 241, 264-65 (2004). First, Reibus is not a participant in either the English or Singapore proceedings and thus would be outside of the jurisdictional reach of the English and Singaporean courts. Second, both the Singaporean and English courts are receptive to Section 1782 discovery. *See, e.g.*, *In re Batbold*, 2021 WL 4596536, at *4 (S.D.N.Y. Oct. 6, 2021), aff'd, No. 21-MC-218 (RA) (OTW), 2023 WL 2088524 (S.D.N.Y. Feb. 17, 2023) (collecting cases finding that both English and Singaporean courts are receptive to Section 1782 discovery). Third, ArcelorMittal's request for Section 1782 discovery does not attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States. Fourth, ArcelorMittal's request is not unduly

intrusive or burdensome. It is narrowly tailored and seeks documents and information that are time-limited and specific and consistent with discovery permitted under the Federal Rules of Evidence.

WHEREFORE, ArcelorMittal respectfully requests that the Court grant the Petition and authorize ArcelorMittal to issue subpoenas to Reibus in the form attached hereto as Appendix A (Subpoena to Testify at a Deposition) and Appendix B (Subpoena Duces Tecum), and authorize ArcelorMittal to issue additional subpoenas for the production of documents and/or depositions of Reibus as ArcelorMittal reasonably deems appropriate and as are consistent with the Federal Rules of Civil Procedure.

Dated: October 23, 2023

                                            Respectfully submitted,

                                            Brian A. White
                                            KING & SPALDING LLP
                                            1180 Peachtree St, NE
                                            Suite 1600
                                            Atlanta, GA 30309
                                            Tel.: +1 404 572 4739
                                            bwhite@kslaw.com