# EXHIBIT 5

*Applicant: Charity Rachel Kirby: 1st:   12.09.2023*

# **IN THE GENERAL DIVISION OF THE HIGH COURT OF THE REPUBLIC OF SINGAPORE**

HC/OA       /2023

In the Matter of Section 29 of the International Arbitration Act 1994 (2020 Rev Ed)

And

In the Matter of Order 48 Rule 6 of the Rules of Court 2021

And

In the matter of an arbitration between (1) Liberty Steel East Europe (Bidco) Limited and (2) Liberty House Group Pte Limited as Claimants; Liberty Steel East Europe (Holdco) Limited as Counterclaim Respondent; and (1) ArcelorMittal Holdings AG and (2) ArcelorMittal Luxembourg as Respondents

Between

1. **ARCELORMITTAL HOLDINGS AG**
   **(**Swiss Registration No. CHE-112.701.185)

…Applicant

And

1. **LIBERTY STEEL EAST EUROPE (HOLDCO) LIMITED**
   (English Company No. 11604439)

2. **LIBERTY HOUSE GROUP PTE LIMITED**
   (Singapore UEN 201113318W)

…Respondents

**AFFIDAVIT**

2

| | |
|---|---|
| Name of maker: | **CHARITY RACHEL KIRBY** |
| Office Address: | King & Spalding International LLP, 125 Old Broad Street, London EC2N 1AR |
| Occupation: | Senior Associate based in the London office of King & Spalding International LLP |
| Description: | Lawyer for the Applicant |

I, **CHARITY RACHEL KIRBY** (British Passport No. 543415320), care of King & Spalding International LLP of 125 Old Broad Street, London EC2N 1AR, do solemnly and sincerely swear and say as follows:

1. I am a solicitor of the Senior Courts of England & Wales and a Senior Associate based in the London office of the firm King & Spalding International LLP. I am instructed by the Applicant and assist with conduct of this matter on behalf of the Applicant. I am duly authorised to make this Affidavit on behalf of the Applicant.

2. The matters deposed to in this Affidavit are true insofar as they are within my personal knowledge. Matters deposed to herein which are not within my personal knowledge are true to the best of my knowledge, information and belief and/or are based on documents that I have reviewed. For the avoidance of doubt, nothing in this affidavit should be taken as a waiver of privilege in respect of any legal advice that has been obtained.

3. I make this Affidavit in support of the Applicant's application for

permission to enforce the Partial Final Award dated 24 January 2023 ("**Partial Final Award**") of the arbitral tribunal comprising Sir Michael Burton, Sir Jeremy Cooke and Klaus Reichert SC ("**Tribunal**") in LCIA Arbitration No. 215327 ("**Arbitration**") in the same manner as a Judgment of the General Division of the High Court of Singapore or an order to the same effect, pursuant to Section 29 of the International Arbitration Act (2020 Rev Ed) and Order 48 Rule 6 of the Rules of Court 2021 ("**Application**").

I. **THE PARTIES**

4. The Applicant, ArcelorMittal holdings AG, is a company incorporated in Switzerland, with its registered office at Alpenstrasse 15, Zug, 6304, Switzerland.

5. The 1st Respondent, Liberty Steel East Europe (Holdco) Limited, is a company incorporated in the United Kingdom, with its registered address at 40 Grosvenor Place, 2nd Floor, London SW1X 7GG, United Kingdom.

6. The 2nd Respondent, Liberty House Group PTE Limited, is a company incorporated in Singapore, with its registered address at 8 Marina View, #40-06, Asia Square Tower 1, Singapore 018960.

7. The 1st Respondent and the 2nd Respondent are collectively referred to as "Respondents".

4

## II. THE ARBITRATION AGREEMENT AND THE ARBITRATION

8. The Applicant and the Respondents are parties to a Share Purchase Agreement dated 6 June 2019 ("**SPA**"), and a Side Letter to the SPA dated 28 June 2019 ("**Side Letter**"). Certified copies of the SPA and the Side Letter are annexed hereto and respectively marked "**CRK-1/001-0861 and CRK-1/0862-0877**".

9. Clause 11 of the Side Letter provides:

*"11.   Any dispute arising out of or in connection with this letter agreement, including any question regarding its existence, validity or termination, shall be referred to and finally resolved by arbitration, under the LCIA Rules in force when the notice of arbitration is submitted in accordance with the LCIA Rules, which Rules are deemed to be incorporated by reference into this paragraph. The place of arbitration shall be London, England. The number of arbitrators shall be three (3) with the Purchase Parties, on the one hand, and the Sellers, on the other hand, each entitled to nominate one arbitrator, and the third arbitrator, who shall serve as president of the tribunal, shall be nominated by the party nominated arbitrators. The language to be used in the arbitral proceedings shall be English. Each party irrevocably and unconditionally consents to such arbitration as the sole and exclusive method of resolving any dispute arising out of or in connection with this letter agreement, including any question regarding its existence, validity or termination. The award of the arbitral tribunal shall be final and binding on the parties. The parties agree that they will not have recourse to any judicial proceedings, in any jurisdiction whatsoever, for the purpose of seeking appeal, annulment, setting aside, modification or any diminution or impairment of its terms or effect insofar as such exclusion can validly be made. Judgment upon any award rendered may be entered in any court having jurisdiction thereof, or any application may be made to such court for a judicial acceptance of the award and an order of enforcement, as the case may be."*

10. On 21 October 2021, Liberty Steel East Europe (Bidco) Limited ("**Liberty Bidco**") (another party to the SPA and the Side Letter), and the 2nd Respondent commenced the Arbitration against the Applicant and ArcelorMittal Luxembourg ("**AM Luxembourg**") by issuing a Request for Arbitration.

11. The Tribunal was appointed on 12 January 2022.

12. The 1st Respondent was subsequently joined as the Counterclaim Respondent to the Arbitration by way of a procedural order issued by the Tribunal on 28 March 2022.

13. Under the SPA and the Side Letter, the Respondents (and other parties) agreed to purchase shares in companies holding or ultimately holding certain steel mills in various locations in Europe from the Applicant and AM Luxembourg.

14. The Arbitration concerned two post-closing payments, one, arising from what the parties to the Arbitration described as the "Market Test" which, only if satisfied, triggered an obligation on the part of Liberty Bidco and the 2nd Respondent to pay the Applicant and AM Luxembourg EUR 100,000,000; the second, described by the parties to the Arbitration as the "Deferred Amount", is a payment of EUR 140,000,000 ("**Deferred Amount**") to be paid in instalments at specified future dates, which could also become due before the specified future dates on the occurrence of

6

certain specified events ("**Deferred Amount Issue**").

15. The Partial Final Award is concerned only with the Deferred Amount Issue.

### III.   THE PARTIAL FINAL AWARD

16. On 24 January 2023, the Tribunal issued the Partial Final Award in relation to the Deferred Amount Issue. A certified copy the Partial Final Award is annexed hereto and marked "**CRK-1/0878-0902**".

17. In the Partial Final Award, the Tribunal found, held, declared and awarded as follows:

   (a) The Deferred Amount, together with any interest and other amounts accrued in connection therewith, is due and immediately payable pursuant to Clause 20.4 of the SPA; and

   (b) The Respondents are therefore jointly and severally liable to pay to the Applicant the sum of EUR 140,000,000 plus interest at a rate of 5% per annum (on a 365-day basis), accruing on a daily basis and compounding annually from (and including) 11 March 2022 to (but excluding) the date of payment. At the date of the Partial Final Award, interest had been accruing at a daily rate of EUR 19,178.08 from (and including) 11 March 2022 and the total amount of interest payable as at the date of the Partial Final Award was EUR

6,136,985.80.

## IV. NON-COMPLIANCE WITH THE PARTIAL FINAL AWARD

18. On 27 January 2023, the Applicant demanded from the Respondents payment of EUR 140,000,000, together with an interest amount of EUR 6,194,519.84 accrued up to and including 27 January 2023.

19. On 27 January 2023, the Applicant's solicitors in the Arbitration, Cleary Gottlieb Steen & Hamilton LLP, wrote to the Respondents' solicitors in the Arbitration, Clyde & Co LLP, to demand that the Respondents make payment of EUR 140,000,000, together with an interest amount of EUR 6,194,519.84 accrued up to and including 27 January 2023 to the Applicant.

20. To date, neither the Respondents nor the Respondents' solicitors have responded to the above-mentioned letters (collectively, "**Demand Letters**").

21. The Demand Letters referred to in paragraphs 18 and 19 above are annexed hereto and collectively marked "**CRK-1/0903 and CRK-1/0904-0905**".

22. Despite the Applicant's multiple demands for payment, the Respondents have failed and/or refused and/or neglected to comply with the Partial Final Award to date.

23. Given the foregoing, the Applicant is compelled to make this Application to

8

enforce the Partial Final Award against the Respondents.

V. **FULL AND FRANK DISCLOSURE**

24. In compliance with the Applicant's duty to give full and frank disclosure with respect to material facts for an ex-parte order, the Applicant hereby draws the following matters to the attention of the Court.

25. First, it is at least possible that the Respondents may seek to resist recognition in Singapore of the Partial Final Award. The Applicant cannot at present anticipate any particular grounds on which the Respondents may rely to challenge recognition of the Partial Final Award, and the Applicant considers that any such challenge would be bound to fail given that (a) the Partial Final Award is an award under the New York Convention, and the grounds on which it could be set aside are accordingly limited; (b) there is a subsisting order of the English High Court dated 24 February 2023, recognising the Partial Final Award and granting leave to the Applicant to enforce it (the "**English Order**"); (c) the English Order directed the Applicant to serve the Order on the Respondents, who then had 14 days from the date of service to apply to the Court to set the English Order aside; (d) as ordered, the Applicant served the English Order on the Respondents on 3 March 2023; (e) the Respondents chose not to apply to set aside the English Order and did not raise any objections to the enforcement of the Partial Final Award, despite having the right to do so; and (f) the Respondents' deadline

for applying to set aside the English Order has now long expired.

26. The Respondents' decision not to apply for a set aside of the Order, coupled with their failure to raise any arguments as to why the Partial Final Award should not be enforced signifies that, in reality, there exists no substantive basis for such arguments. In view of the foregoing circumstances, the Applicant believes that any challenge by the Respondents to recognition of the Partial Final Award will not succeed. A copy of the English Order dated 24 February 2023 is annexed hereto and marked "**CRK-1/0906-0908**".

27. Second, the Respondents' solicitors have not been instructed to accept service of process. On 3 March 2023, the English Order was therefore served on the 1st Respondent in the United Kingdom by delivering a copy to the 1st Respondent's registered address, and on the 2nd Respondent in Singapore by (a) leaving a copy of the English Order at the 2nd Respondent's registered address; (b) delivering a copy of the English Order to the ultimate beneficial owner and director of the 2nd Respondent, Mr Sanjeev Gupta, by leaving it at his registered address in Singapore; and (c) delivering a copy of the English Order to the company secretary of the 2nd Respondent, Mr Tze Sek Sum Patrice Charles, at his registered address in Singapore. Neither of the Respondents has acknowledged service of the English Order, and they have also not challenged service of the English Order. Notwithstanding that, I am advised that the English Order has been validly served on the 2nd Respondent under Singapore law.

10

## VI. CONCLUSION

28. In the light of the matters stated above, the Applicant humbly requests for an order in terms of this Application.

SWORN BY )  *Charity Kirby* (signed)

the abovenamed ) 125 OLD BROAD STREET
LONDON EC2N 1AR

**CHARITY RACHEL KIRBY** )

on this 12th day of September 2023 )

Before me,

*R Mee* (signed)

REBECCA MEE

**SOLICITOR, ENGLAND & WALES**

This affidavit is filed on behalf of the Applicant.

SOLICITOR
GIDE LOYRETTE NOUEL LLP
125 OLD BROAD STREET
EC2N 1AR
LONDON
UK

This is the exhibit marked "**CRK-1**" referred to in the First Affidavit of **Charity Rachel Kirby** sworn before me this 12th day of September 2023

*[signature]*

125 OLD BROAD STREET
LONDON ECZN 1AR

Before me

*[signature: RMee]*

REBECCA MEE

**SOLICITOR, ENGLAND & WALES**

GIDE LOYRETTE NOUEL LLP
125 OLD BROAD STREET
EC2N 1AR
LONDON,
UK