**IN THE GENERAL DIVISION OF THE HIGH COURT OF THE REPUBLIC OF SINGAPORE**

| | |
|---|---|
| Case No.: HC/OA 947/2023 | In the matter of Section 29 of the International Arbitration Act 1994 |
| Sub Case No.: HC/SUM 2818/2023 | |
| Doc No.: HC/ORC 4428/2023 | And |
| Filed: 21-September-2023 11:36 AM | In the matter of Order 48, Rule 6 of the Rules of Court 2021 |

And

In the matter of an arbitration between (1) Liberty Steel East Europe (Bidco) Limited and (2) Liberty House Group Pte Limited as Claimants; Liberty Steel East Europe (Holdco) Limited as Counterclaim Respondent; and (1) ArcelorMittal Holdings AG and (2) ArcelorMittal Luxembourg as Respondents

Between

ArcelorMittal Holdings AG
(Switzerland Registration No. CHE-112.701.185)

...Applicant(s)



And

1. Liberty Steel East Europe (Holdco) Limited
   (United Kingdom Registration No. 11604439)

2. Liberty House Group Pte Limited
   (Singapore UEN No. 201113318W)

...Respondent(s)

**ORDER OF COURT**

| | |
|---|---|
| Case No: | HC/OA 947/2023 |
| SubCase No: | HC/SUM 2818/2023 |
| Before: | The Honourable Justice Lee Seiu Kin |
| Venue: | Supreme Court Chamber 4D |
| Hearing date/Time: | 19-September-2023 at 10:00 AM |

**INJUNCTION PROHIBITING DISPOSAL OF ASSETS IN SINGAPORE**

To: The Respondents

1. This order prohibits you from dealing with your assets up to the amount stated. The order is subject to the exceptions stated at the end of the order. You should read all the terms of the order very carefully. You are advised to consult a solicitor as soon as possible. You have a right to ask the Court to vary or discharge this order.

If you disobey this order you will be guilty of contempt of Court and may be sent to prison or fined.

**THE ORDER**

<u>Disposal of assets</u>

1. (a) The Respondents must not remove from Singapore, in any way dispose of or deal with or diminish the

value of, any of their assets which are in Singapore whether in their own name or not and whether solely or jointly owned up to the value €150,725,342.47.

   (b) This prohibition includes the following assets, in particular:

      (i) Shares or ownership interest in Liberty Industries Holding Pte Ltd;

      (ii) Shares or ownership interest in LMR Holding Pte Ltd;

      (iii) Shares or ownership interest in Liberty Steel Group Pte Ltd;

      (iv) Shares or ownership interest in Liberty Engineering Group Pte Ltd;

      (v) Shares or ownership interest in Liberty Performance Steels Pte Ltd;

      (vi) Shares or ownership interest in Liberty Steel Holding Pte Ltd;

      (vii) Shares or ownership interest in Liberty Advanced Engineering Products Pte Ltd;

      (viii) Shares or ownership interest in Liberty Tubular Solutions Pte Ltd;

      (ix) Shares or ownership interest in Liberty Distribution Pte Ltd;

      (x) Shares or ownership interest in Liberty Primary Steel & Mining Pte Ltd;

      (xi) Shares or ownership interest in Liberty Steel France Pte Ltd; and

      (xii) any interest under any trust or similar entity including any interest which can arise by virtue of the exercise of any power of appointment, discretion or otherwise howsoever.

   (c) If the total unencumbered value of the Respondents' assets in Singapore exceeds €150,725,342.47, the Respondents may remove any of those assets from Singapore or may dispose of or deal with them so long as the total unencumbered value of their assets still in Singapore remains not less than €150,725,342.47.



<u>Disclosure of information</u>

2. The Respondents must inform the Applicant in writing at once of all their assets in Singapore whether in their own name or not and whether solely or jointly owned, and whether the Respondents are interested in them legally, beneficially or otherwise, giving the value, location and details of all such assets. The information must be confirmed in an affidavit which must be served on the Applicant's solicitor within 14 days after this order has been served on the Respondents. For the purposes of this order, the Respondents' assets include any asset which they have the power, directly or indirectly, to dispose of or deal with as if it were their own. The Respondents are to be regarded as having such power if a third party holds or controls the asset in accordance with their direct or indirect instructions.

**EXCEPTIONS TO THIS ORDER**

3. This order does not prohibit the Respondents from spending a reasonable sum on legal advice and representation. But before spending any money, the Respondents must tell the Applicant's solicitor where the money is to come from.

4. This order does not prohibit the Respondents from dealing with or disposing of any of their assets in the ordinary and proper course of business, provided that the Respondents provide the Applicant with advance notification of such anticipated dealings or disposals. The Respondents must account to the Applicant within 14 days for the amount of money spent in this regard.

5. The Respondents may agree with the Applicant's solicitor that the above spending limits should be increased or that this order should be varied in any other respect but any such agreement must be in writing.

**EFFECT OF THIS ORDER**

6. A Respondent who is an individual who is ordered not to do something must not do it himself or in any other way. He must not do it through others acting on his behalf or on his instructions or with his encouragement.

7. A Respondent which is a corporation and which is ordered not to do something must not do it itself or by its directors, officers, partners, employees or agents or in any other way.

**THIRD PARTIES**

<u>Effect of this order</u>

8. It is a contempt of Court for any person notified of this order knowingly to assist in or permit a breach of the order. Any person doing so may be sent to prison or fined.

<u>Set-off by banks</u>

9. This injunction does not prevent any bank from exercising any right of set-off it may have in respect of any facility which it gave to the defendant before it was notified of the order.

<u>Withdrawals by the defendant</u>

10. No bank need enquire as to the application or proposed application of any money withdrawn by the Respondents if the withdrawal appears to be permitted by this order.



**UNDERTAKINGS**

12. The Applicant gives to the Court the undertakings set out in Schedule 1 to this order.

**DURATION OF THIS ORDER**

13. This order will remain in force until further order.

**VARIATION OR DISCHARGE OF THIS ORDER**

14. The Respondents (or anyone notified of this order) may apply to the Court at any time to vary or discharge this order (or so much of it as affects that person), but anyone wishing to do so must inform the Applicant's solicitor.

**NAME AND ADDRESS OF APPLICANT'S SOLICITOR**

15. The Applicant's solicitors are:

   Chua Sui Tong / Wong Wan Chee / Abigail Tang

   Rev Law LLC

   1D Duxton Hill

   Singapore 089587

   Email:   suitong@revlawllc.com / wanchee@revlawllc.com / abigail@revlawllc.com

   Tel No.: 6802 8008

   File Ref No.: CST/WWC/AT/202300582

**INTERPRETATION OF THIS ORDER**

16. (a)   In this order references to "he", "him" or "his" include "she" or "her" and "it" or "its".

   (b)   Where there are 2 or more Respondents then (unless the context indicates differently):

      (i)    References to "the Respondents" mean both or all of them;

      (ii)    An order requiring "the Respondents" to do or not to do anything requires each defendant to do or not to do the specified thing; and

      (iii)    A requirement relating to service of this order or of any legal proceedings on "the Respondents" means service on each of them.

Date of Order : 19 September 2023

Notes:
1. The person or entity served with this judgment/order and who/which has been ordered to pay money, to do or not to do any act must comply immediately or within the time specified in the judgment/order, if any.
2. Failure to comply may result in enforcement of judgment/order proceedings, including contempt of Court proceedings, against the said person or entity.

| 1 | Name of Document: | Schedule 1 |
|---|---|---|
|   | Annex: |   |



https://www.courtorders.gov.sg
Access code: 8hf6b10h8



HC/OA947/2023:HC/SUM2818/2023:HC/ORC4428/2023:HC/OA947/2023:HC/SUM2818/2

TAN BOON HENG

REGISTRAR

SUPREME COURT

SINGAPORE



Getting this document from the Authentic Court Orders Portal verifies:
(a) that it was issued by the Courts of the Republic of Singapore or, in the case of a Schedule of Assets, that it was filed with the Courts in relation to an application for a Grant of Probate/Letter of Administration; and (b) the text of the document was issued on 19 Sep 2023

# SCHEDULE 1

*Undertakings given to the Court by the Applicant*

1. If the Court later finds that this order has caused loss to the Respondents, and decides that the Respondents should be compensated for that loss, the Applicant will comply with any order the Court may make.

2. As soon as practicable the Applicant will serve on the Respondents the Order giving permission to enforce the foreign arbitral award together with this order.

3. As soon as practicable the Applicant will serve on the Respondents a copy of the affidavits and exhibits containing the evidence relied on by the Applicant. 

4. Anyone notified of this order will be given a copy of it by the Applicant's solicitor.

5. The Applicant will pay the reasonable costs of anyone other than the Respondents which have been incurred as a result of this order including the costs of ascertaining whether that person holds any of the Respondents' assets and if the Court later finds that this order has caused such person loss, and decides that such person should be compensated for that loss, the Applicant will comply with any order the Court may make.

6. If this order ceases to have effect, the Applicant will immediately take all reasonable steps to inform in writing anyone to whom he has given notice of this order, or who he has reasonable grounds for supposing may act upon this order, that it has ceased to have effect.